Argued September 19, affirmed September 30, 1974

RYAN, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 82618), *Respondent.*

526 P2d 1038

*Harold W. Adams,* Salem, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

PER CURIAM.

In this workmen's compensation case claimant seeks an award for aggravation of preexisting industrial injuries. The hearing officer, board and circuit court held that he had failed to prove his claim by a preponderance of the evidence. We agree with them. The board's order succinctly states the facts and the conclusion which necessarily follows:

"Claimant requests reversal of the Hearing Officer's order approving the denial of his claim of aggravation.

"DISCUSSION

"Claimant, a 45 year old Workmen's Compensation Board safety representative, suffered three on-the-job back injuries in 1969 and 1970, which have been treated as one claim for the purposes of this hearing and review. Treatment included surgeries to the cervical spine.

"Shortly after the industrial injuries claims were closed, claimant was involved in an off-the-job automobile accident in which his car was rear-ended by another car which was traveling at a rate of 50 miles per hour.[1] Testimony of the claimant, preponderance of medical opinion and the fact that claimant was working regularly until the intervening automobile accident persuades the Board that the claimant's present problems are caused by the intervening automobile accident and are not a result of the industrial injuries in question. * * *"

Affirmed.

---

[1] The record indicates that immediately after this accident, claimant was hospitalized for a substantial period of time, that he has not subsequently worked at the job he then held, and that substantially all the symptoms which he now contends constitute evidence of aggravation, date from that accident.